IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WASHONDA HUNT, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00245-CG-B |
| SOCIAL SECURITY OFFICE, | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court for review. On June 23, 2022, Plaintiff Washonda Hunt filed a *pro se* complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).[1] In her complaint, Hunt alleged that Defendant "Social Security Office" was harassing her in relation to an overpayment and discriminating against her because she is "Black and poor." (Doc. 1 at 1-2).

In an order dated June 30, 2022, the Court granted Hunt's motion to proceed without prepayment of fees and screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 3). Upon review of Hunt's complaint, the Court found that it had several deficiencies that needed to be addressed in order for this action to proceed. (Id. at 1). Specifically, the Court found that Hunt's complaint contained little more than labels and conclusions that

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

1

were insufficient to give rise to any plausible claim for relief, and that it failed to identify a valid basis for this Court's subject matter jurisdiction. (Id. at 6-9). The Court also found that, to the extent Hunt's claims of discrimination and harassment by the "Social Security Office" were properly construed as claims against the Social Security Administration, such claims were barred by sovereign immunity. (Id. at 9-12). The Court ordered Hunt to file an amended complaint addressing and correcting the noted deficiencies by July 20, 2022. (Id. at 12). The Court warned Hunt that failure to timely file an amended complaint which corrected the noted deficiencies as instructed would result in a recommendation that this action be dismissed. (Id. at 13). The Court directed the Clerk to send Hunt a copy of this Court's Pro Se Litigant Handbook, which the Court encouraged Hunt to utilize in drafting her amended complaint. (Id. at 13-14).

To date, Hunt has not filed an amended complaint, despite being ordered to do so no later than July 20, 2022. Moreover, the docket reflects that the Court's order and the Pro Se Litigant Handbook that were mailed to Hunt on June 30, 2022 have not been returned to the Court as undeliverable.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ.

2

P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The undersigned recommends that the instant action be dismissed without prejudice based on Hunt's failure to prosecute and to obey the Court's order directing her to timely file an amended complaint addressing and correcting the noted deficiencies in her original complaint.  In the order dated June 30, 2022, the Court warned Hunt in the plainest terms that her failure to timely file a complying amended complaint would subject this action to dismissal.  (See Doc. 3 at 13).  Notwithstanding the Court's clear directives, Hunt failed to file anything in response to the Court's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

order, suggesting she has lost interest in pursuing this action. Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and this Court's inherent authority due to Hunt's failure to prosecute and obey this Court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

4

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **August, 2022.**

                                              **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**